# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAUER INCORPORATED,**
**d/b/a Sauer Southeast,**

                    **Plaintiff,**

**-vs-**                                    **Case No.  6:05-cv-462-Orl-28KRS**

**KELLOGG BROWN & ROOT, INC.,**
**KELLOGG BROWN & ROOT SERVICES,**
**INC., AMERICAN MANUFACTURERS**
**MUTUAL INSURANCE COMPANY,**

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on Kellogg Brown & Root, Inc.'s,

Kellogg Brown & Root Services, Inc.'s, and American Manufacturers Mutual Insurance Company's

Motion to Dismiss and/or Strike Plaintiff's Claims for Attorneys' Fees (Doc. No. 20).

## I.      ALLEGATIONS OF THE COMPLAINT.

This case arises from a contract entered into by Defendants Kellogg Brown & Root, Inc. and

Kellogg Brown & Root Services, Inc. (collectively "Kellogg") with the National Reconnaissance

Office ("NRO"), an agency of the United States, to provide, among other things, design/build

construction services at Cape Canaveral Air Force Station and other locations.  Doc. No. 1 ¶ 4.  Under

the Miller Act, 40 U.S.C. § 3131, *et seq.,* Kellogg posted a payment bond issued by Defendant

American Manufacturers Mutual Insurance Company ("American"), which bond provided payment protection for persons supplying labor and materials under the NRO Contract.

Kellogg entered into subcontracts with Plaintiff Sauer Incorporated, d/b/a Sauer Southeast ("Sauer") to supply labor and materials for carrying out architectural work and labor and materials to carry out mechanical work provided for in the NRO Contract.  Doc. No. 1 ¶¶ 11, 16.  Sauer alleges that Kellogg breached the subcontracts.  *Id.* ¶¶ 13, 18.

In the Complaint, Sauer alleges two counts of breach of the subcontracts between it and Kellogg, and one count of unjust enrichment/quantum meruit.  In the fourth count, Sauer seeks attorneys' fees for bad faith dealing against Kellogg.  In the fifth count, Sauer alleges that American is liable to pay its attorneys' fees under Florida Statutes §§ 627.428 and 627.756.  In the sixth count, Sauer alleges that each of the defendants is liable under the payment bond to pay Sauer for the labor and materials it supplied to Kellogg as well as prejudgment interest, attorneys' fees and other costs.

## II.    STANDARD OF REVIEW.

### A.    *Motion to Dismiss.*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss for failure to state a claim, the Court considers only the allegations of the complaint and exhibits to the complaint.  *See* Rule 10(c), Rule 12(b).

-2-

_____*B.       Motion to Strike.*

Generally, courts prefer not to strike all or part of a party's pleadings.  A court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" that a pleading contains.  Fed. R. Civ. P. 12(f).  Moreover, "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 690-91 (M.D. Fla. 2003).

## III.   ANALYSIS.

In the present motion, Kellogg and American ask the Court to dismiss or strike the claims for attorneys' fees arising from alleged bad faith dealing, under Florida Statutes §§ 627.428 and 627.756, and under the payment bond.  Sauer concedes that the claims for attorneys' fees under Florida Statutes §§ 627.428 and 627.756 should be granted.  Doc. No. 32 at 2.  It contends, however, that legal and factual bases support the prayer for attorneys' fees for bad faith dealing and under the payment bond.

Two issues remain for resolution: whether Sauer's claim for attorneys' fees for bad faith conduct should be dismissed, and whether Sauer can recover attorneys' fees under the Miller Act payment bond.  I will address each argument in turn.

*A.       Attorneys' Fees for Bad Faith Conduct.*

In Count IV of the Complaint, Sauer incorporates by reference the breach of contract and quantum meruit allegations in the previous paragraphs of the Complaint.  In the prayer for relief, Sauer alleges as follows:

> The bad faith, vexatious, wanton, and oppressive conduct of [Kellogg]
> . . . entitles Sauer to a judgment against [Kellogg] . . . for the attorneys'
> fees that Sauer has incurred and incurs in relation to this action.

Doc. No. 1 ¶ 28.  In its memorandum in response to the motion to dismiss, Sauer argues that this claim for attorneys' fees arises under Texas Code § 38.001 or Florida Statute § 57.105(7), and case law permitting an award of attorneys' fees for bad faith acts preceding and during the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 38.001 and Fla. Stat. § 57.105(7) both provide for an award of attorneys' fees in any claim arising from breach of an oral or written contract.  Even assuming that either of these provisions apply in this case, however, it appears that the demand for attorneys' fees for breach of contract arises out of Count I or Count II, not as a separate count.

With respect to the claim for attorneys' fees arising out of bad faith conduct, Sauer relies upon *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985); *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1507 (11th Cir. 1985); and *Rothenberg v. Security Management Co.*, 736 F.2d 1470, 1472 (11th Cir. 1984).  While these cases reflect that the Court may award sanctions, including attorneys' fees, against individuals and counsel who litigate in bad faith, none of them stand for the proposition that a complaint should include a separate count seeking such attorneys' fees.  In *Kreager*, the Eleventh Circuit remanded the case because it could not determine the basis upon which the Court awarded attorneys' fees to the defendants.  In *Amey*, the request for attorneys' fees was raised by motion after the entry of summary judgment.  In *Rothenberg,* the Court's opinion is not clear regarding the basis on which attorneys' fees were awarded but there is, also, no indication that the award arose from a separate count for attorneys' fees alleged in the complaint.

Accordingly, I recommend that the Court dismiss Count IV of the Complaint and permit Sauer to file an amended complaint in which it asserts its claims for attorneys' fees as part of its prayer for relief in connection with the applicable substantive claims, such as the breach of contract claims.

B.     *Attorneys' Fees Under the Miller Act*.

The Miller Act does not provide for an award of attorneys' fees to a successful plaintiff. *F. D. Rich Co., Inc. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 126 (1974).  However, the language of the act allowing a supplier of labor or materials to recover "the sum or sums justly due him" has been interpreted to permit the supplier to recover attorneys' fees and other money due if provided for in a contract between the supplier and the prime contractor.  *See United States ex rel. Sherman v. Carter*, 353 U.S. 210 (1957) (requiring surety to pay contributions to employee health and welfare fund, liquidated damages, attorneys' fees, court costs and other related expenses which were due to laborers under collective-bargaining agreement between laborers and the prime contractor).

Paragraph 3 of Subcontract No. 304-2994-US23-C-01, attached as an exhibit to the Complaint, reflects that there are many documents that comprise the subcontract, not all of which are attached to the Complaint.  It is, therefore, impossible for the Court to determine, at this juncture, whether the underlying subcontracts provide for an award of attorneys' fees, or the scope of recoverable attorneys' fees provided for in the contracts.  Accordingly, I recommend that the the motion to dismiss for failure to state a claim and motion to strike must be denied as to Count VI of the Complaint.

## IV.     RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the motion be **GRANTED** in part, to the extent that the the claims for attorneys' fees in Counts IV and V of the Complaint should

be **DISMISSED**.  I further recommend that the motion be **DENIED** in all other respects. Finally, I recommend that Sauer be given eleven days from the date of the Order on this Report and Recommendation to file and serve an amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on November 4, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties